# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JIMMY BRUCE,

                Plaintiff,

v.                                 CIVIL ACTION NO. 3:17-1664

RONALD MILLER, individually in his
capacity as a Deputy employed by the
Cabell County Sheriff's Department,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 26). For reasons specified herein, Defendant's Motion to Dismiss is **GRANTED** and Defendant's Motion for Summary Judgment (ECF No. 21) is **DENIED as moot**.

### I.     Background

Plaintiff, represented by counsel, filed a Complaint with this Court on March 9, 2017 (ECF No. 1). On June 22, 2017, however, Plaintiff's counsel Robert Frank filed a Motion to Withdraw, citing a potential conflict of interest (ECF No. 15). The Court ordered Plaintiff to advise the Court, in writing, whether he objected to Frank's withdrawal (ECF No. 16), but Plaintiff never responded to the Court's Order. The Court subsequently granted Frank's motion on July 12, 2017 (ECF No. 18), leaving Plaintiff without representation. Plaintiff has not retained new representation since that time. On August 30, 2017, the Court entered an Order Confirming Plaintiff's Pro Se Status in which it confirmed that Plaintiff would be proceeding in this matter without representation and instructed Plaintiff that he would nevertheless be obligated to respond to dispositive motions and

abide by court procedures moving forward (ECF No. 20). In the Order, the Court noted that failure to abide by relevant rules and procedures would result in dismissal of Plaintiff's case (ECF No. 20). Since that time, Plaintiff has failed to respond to Defendant's Motion for Summary Judgment (ECF No. 21), Defendant's Request for Deposition (ECF No. 24), and Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 26).

## II. Analysis

If a plaintiff fails to prosecute his case or to comply with the Federal Rules of Civil Procedure or other court order, "a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). Before dismissing a case for failure to prosecute, however, the Court must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990).

The application of these factors is different in a case where the Court has provided an "explicit and clear" warning that failure to comply with court directives and orders will result in dismissal. *Bailey v. Edwards*, 573 Fed.Appx. 268, 269 (4th Cir. 2014) (unpublished opinion). Though the factors should still be used for guidance in such an instance, their application should be less "rigid" and the court should focus more, instead, on the particular circumstances of the case at hand. *Id*.

In this case, the Court unequivocally warned Plaintiff by Court Order that failure to prosecute his case would result in dismissal (ECF No. 20). In its August Order, the Court told

Plaintiff that failure to respond to dispositive motions and failure to comply with other deadlines and procedures set out by order of the Court would subject his case to dismissal for failure to prosecute (ECF No. 20). Accordingly, the Court will look to the *Hillig* factors only for guidance.

   a. **Fault of Plaintiff**

First, in considering Plaintiff's responsibility for the present failure to prosecute, the Court notes that Plaintiff has been unrepresented in this matter since July 12, 2017. While it is true that dismissal is appropriate only in the "most egregious cases" when used to punish *attorney* misbehavior, *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991), attorney misconduct is not at issue in this case. The threshold for dismissal is lower in the case of a party's personal failures. *See Vinson v. Scites*, 854 F.2d 1318, at *1 (4th Cir. 1988) (table opinion). "Where a pro se litigant has shown a record of continual disregard for the court and attempted to delay proceedings, dismissal is appropriate." *Id*. In this case, there is no attorney misbehavior at issue. The delays and failures to respond have been entirely the fault of Plaintiff. Accordingly, this factor weighs in favor of dismissal.

   b. **Prejudice to Defendant**

Second, the Court finds that Plaintiff's failure to prosecute his case has and continues to prejudice Defendant. The window for discovery closed on August 1, 2017 and the deadline for depositions passed on September 15, 2017. Despite making several attempts to contact Plaintiff to schedule Plaintiff's deposition, Defendant was unable to depose Plaintiff within the prescribed deadline. Plaintiff's failure to respond and meaningfully participate in his case has prevented Defendant's access to meaningful discovery and has thereby prejudiced Defendant in his efforts to move his own defense forward. This factor, too, weighs in favor of dismissal.

### c. Persistence of Failure to Prosecute

In cases where there is only one instance of dilatory behavior, courts are generally unwilling to dismiss for failure to prosecute. *See Bailey*, 573 Fed.Appx. at 269 (vacating dismissal for failure to prosecute where the plaintiff had failed to meet the deadline to return a form or to pay the statutory filing fee); *Fisher v. Snowden*, 439 Fed.Appx. 206, 207 (4th Cir. 2011) (unpublished opinion) (vacating dismissal where the record was unclear whether plaintiff had timely filed a change of address notification with the court); *Vinson*, 854 F.2d at *1 (finding that involuntary dismissal was inappropriate where the plaintiff missed a settlement conference due to his inability to pay the cost of transportation).

Where there are several instances of failure to prosecute, however, courts are far more willing to dismiss for failure to prosecute. *See Stuart v. County of Spartanburg*, 217 F.3d 840, at *1 (4th Cir. 2000) (table opinion) (finding that failure to comply with a magistrate judge's order even after the magistrate judge expressly warned plaintiff of the consequences of failure to comply warranted involuntary dismissal for failure to prosecute); *Bauer v. C.I.R.*, 97 F.3d 45, 49 (4th Cir. 1996) (affirming dismissal for failure to prosecute when the plaintiff missed a court date without cause for having done so, made no efforts to meet with the Commissioner of the Internal Revenue to prepare for litigation, and failed to provide opposing parties with any way to contact him other than by a physical address).

In this case, Plaintiff's failure to prosecute or even participate in this ongoing litigation has endured for an extended period of time. While represented by counsel, Plaintiff timely filed Rule 26(a)(1) disclosures on June 16, 2017 (ECF No. 13). Since that time, however, Plaintiff has failed to take any action in this case. Plaintiff was ordered on June 23, 2017 to "advise the Court, in writing, by letter or other document no later than July 7, 2017" whether he objected to his counsel's

motion to withdraw (ECF No. 16). Plaintiff did not respond. Plaintiff was ordered on August 30, 2017 to comply with the rules and procedures of the Court in responding to and filing Court documents (ECF No. 20). Plaintiff has not responded to any of Defendant's motions. Finally, Plaintiff has failed to respond to any of Defendant's multiple requests, communicated both by phone and by mail over a period of several months, for a deposition (ECF No. 24). The Court finds that Plaintiff's sustained inaction in this case amounts to a "drawn out history of deliberately proceeding in a dilatory fashion." Accordingly, this factor also weighs in favor of dismissal.

### d. Effectiveness of Alternative Sanctions

Finally, the Court does not see any less drastic sanctions that would be appropriate or effective in this case. The Court has attempted to communicate with Plaintiff through several court orders, always to no avail. Plaintiff was warned both by the Court's August 30, 2017 Order (ECF No. 20) and by the Court's October 26, 2017 Order (ECF No. 25) that failure to prosecute his case would result in dismissal. Plaintiff still failed to respond or communicate with the Court in any way after those orders were entered. Plaintiff has been on notice that his failure to prosecute would result in dismissal since August. Accordingly, dismissal is appropriate at this time.

### III. Conclusion

Given the totality of the Court's consideration of the above factors, the Court **FINDS** that Plaintiff has failed to prosecute his case and that the only effective sanction at this time is to dismiss the case. Accordingly, the Court **GRANTS** Defendant's motion (ECF No. 26) and **DISMISSES** this case with prejudice. The Court does not reach consideration of Defendant's Motion for Summary Judgment (ECF No. 21). The motion is therefore **DENIED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 20, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE